UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

-----------------------------------------------------x

LAURA GONZALES,                :

an individual,                :     CIVIL ACTION

                           :

           Plaintiff,       :     CASE NO.:

                           :

vs.                       :     Judge:

                           :

                           :     Magistrate:

                           :

SUPER MERCADO TORRES, INC.  :

                           :

                           :

           Defendant.      :

-----------------------------------------------------x

## COMPLAINT

Plaintiff, LAURA GONZALES, by and through her undersigned counsel, hereby files this original Complaint against SUPER MERCADO TORRES, INC. (hereinafter referred to as "DEFENDANT"), and demands declaratory and injunctive relief and attorneys' fees and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in the Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, LAURA GONZALES, (hereinafter referred to as "MS. GONZALES"), is a resident of Cook County, Illinois. MS. GONZALES resides approximately four (4) miles away from the facility at subject in this action.

4. MS. GONZALES is a qualified individual with a disability under the ADA and the

IHRA. MS. GONZALES has paraplegia from a spinal cord injury stemming from a car accident.

5.   Due to her disability, MS. GONZALES is substantially impaired in multiple major life activities and requires a wheelchair for mobility.  Further, MS. GONZALES utilizes a van for her transportation and requires parking that is ADA van accessible.

6.   Upon information and belief, DEFENDANT is a corporation organized in the State of Illinois and doing business in Cook County.

7.   Upon information and belief, DEFENDANT can be contacted at its registered agent, located at:

> Adolfo M. Linares
> 5304 W. 25th Street
> Cicero, IL 60804

8.   Upon information and belief, DEFENDANT is the owner and/or operator of the real properties and improvements that are the subject of this action, to wit: Super Mercado Torres, 124 N. 19th Avenue, Melrose Park, Illinois, 60160 (hereinafter referred to as "the Property").

9.   The Property consists of a grocery store.

10.   DEFENDANT is obligated to comply with the ADA at the Property.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

11.   MS. GONZALES realleges and reavers Paragraphs 1 - 10 as if they were expressly restated herein.

12.   The Property is a place of public accommodation, subject to the ADA, generally located at: 124 N. 19th Avenue, Melrose Park, Illinois, 60160.

13.     Upon information and belief, MS. GONZALES visited the Property as recently as April 2018.  She desires to visit the Property to buy specialty groceries.

14.     The discrimination alleged herein is ongoing.

15.     At various times, MS. GONZALES has personally observed or encountered the architectural barrier discussed in Paragraph 23(I)(A).  MS. GONZALES has knowledge of the barriers discussed in Paragraph 23(I)(B)-(C).

16.     During her visits to the Property, MS. GONZALES has experienced a total barrier to entering the grocery store on the Property in order to access the goods and utilize the offered services, due to the architectural barrier discussed in Paragraph 23(I)(A).

17.     Because of the total barrier to access that MS. GONZALES experienced in April 2018, she was forced to stay in her car and wait while her mother entered the Property and completed MS. GONZALES' grocery shopping for her.

18.     In addition to encountering the architectural barrier discussed in Paragraph 23(I)(A), MS. GONZALES is aware that the barriers discussed in Paragraph 23(I)(B)-(C) presently exist at the Property due to a pre-suit due diligence investigation conducted prior to filing this lawsuit.  Specifically, counsel for MS. GONZALES retained an expert to conduct an investigation of the Property on April 14, 2018 to assess whether the Property is accessible to persons who use wheelchairs, such as MS. GONZALES.  MS. GONZALES accompanied the expert on this investigation.

19.     MS. GONZALES continues to desire to visit the Property and patronize the grocery store and the restaurant, but fears that she will continue to experience serious difficulty due to the barriers discussed in Paragraph 23. MS. GONZALES desires to independently shop at the grocery store.

20.     The barriers discussed below in Paragraph 23 are excluding, or will exclude, MS. GONZALES from the programs, activities, and services offered at the Property.

21.     MS. GONZALES plans to and will visit the Property in the future as a patron and also as an ADA tester to determine if the barriers to access alleged herein have been modified.

22.     MS. GONZALES presently fears that she will encounter the mobility-related barriers which exist at the Property when she returns to the Property in the near future.

23.     Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and the Property is not accessible due to, but not limited to, the following barriers which presently exist at the Property:

I.      UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS AT THE PROPERTY ARE THE RESPONSIBILITY OF DEFENDANT:

A. There are metal posts surrounding the grocery store's entrance installed in such close proximity that a wheelchair user cannot fit between the posts to gain entry to the grocery store;

B. The grocery store's service and sales counter is excessively high with neither a lowered portion nor an axillary counter that is accessible to wheelchair users;

C. The grocery store lacks any checkout aisle featuring a lowered surface or adjustable credit card machine that is accessible for wheelchair users; and

D. Other mobility-related architectural barriers and ADA violations to be identified following a complete inspection of the Property.

24.     MS. GONZALES continues to desire to visit the Property, but will continue to

experience a total barrier to the Property until the barriers discussed in Paragraph 23 are removed.

25.  MS. GONZALES intends to and will visit the Property to utilize its goods and services in the future, but fears that DEFENDANT will continue to discriminate against her by failing to modify or remove the barriers at the Property.

26.  Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

27.  Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

28.  Upon information and belief, removal of the barriers to access located on the Property would provide MS. GONZALES with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

29.  Independent of her intent to return as a patron to the Property, MS. GONZALES additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

30.  MS. GONZALES has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to the pursuant to 42 U.S.C. § 12205.

WHEREFORE, MS. GONZALES demands judgment against DEFENDANT, and requests the following relief:

A.      That this Court declare that the Property owned, leased, and/or operated by DEFENDANT is in violation of the ADA;

B.      That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C.      That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MS. GONZALES, pursuant to the ADA; and

D.      That this Court award such other and further relief as it deems necessary, just, and proper.

Respectfully Submitted,

**BIZER & DEREUS, LLC**
Attorney for Plaintiff
Jennifer M. Coco (IL # 6303071)
jcoco@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

***AND***

**LAW OFFICE OF CHARLES E. MCELVENNY**
*Designated Local Counsel / Trial Bar Atty.*
Charles McElvenny (IL # 6281350)
53 W. Jackson Blvd.
Suite 401
Chicago, IL 60604
312-291-8330(o)
www.cemlawfirm.com

By:      /s/ Jennifer M. Coco
              Jennifer M. Coco