IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAURA GONZALES, | ) |
| Plaintiff, | ) Case No. 1:18-cv-03693 |
| v. | ) |
| SUPER MERCADO TORRES, INC. | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant Super Mercado Torres, Inc. ("Torres" or "Defendant") and for its Answer and Affirmative Defense to Plaintiff Laura Gonzales' ("Gonzales" or "Plaintiff") Complaint, and states as follows:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

**ANSWER:** This paragraph does not contain factual allegations and, therefore, no answer is required. To the extent that an answer is required, Defendant admits that Gonzales brought the above-referenced action and Defendant believes that jurisdiction is proper in this Court. Torres denies all remaining allegations in this paragraph.

2. Venue is proper in the Court pursuant to 28 U.S.C. § 1391(b).

**ANSWER:** This paragraph does not contain factual allegations and, therefore, no answer is required. To the extent that an answer is required, Defendant believes that venue is proper in this Court.

3. Plaintiff, LAURA GONZALES, (hereinafter referred to as "MS.GONZALES"), is a resident of Cook County, Illinois. MS. GONZALES resides approximately four (4) miles away from the facility at subject in this action.

**ANSWER:** Torres lacks sufficient information to admit or deny the allegations contained in this paragraph.

4. MS. GONZALES is a qualified individual with a disability under the ADA and the IHRA. MS.GONZALES has paraplegia from a spinal cord injury stemming from a car accident.

**ANSWER:** Torres lacks sufficient information to admit or deny the allegations contained in this paragraph.

5. Due to her disability, MS.GONZALES is substantially impaired in multiple major life activities and requires a wheelchair for mobility. Further, MS. GONZALES utilizes a van for her transportation and requires parking that ADA van accessible.

**ANSWER:** Torres lacks sufficient information to admit or deny the allegations contained in this paragraph.

6. Upon information and belief, DEFENDANT is corporation organized in the State of Illinois and doing business in Cook County.

**ANSWER:** Admit.

7. Upon information and belief, DEFENDANT can be contacted at its registered agent location at:

>  Adolfo M. Linares
>  5304 W. 25th Street
>  Cicero, IL 60804

**ANSWER:** Admit.

8. Upon information and belief, DEFENDANT is the owner and/or operator of the real properties and improvements that are the subject of the action, to wit: Super Mercado Torres, 124 N. 19th Avenue, Melrose Park, Illinois, 60160 (hereinafter referred to as "the Property").

**ANSWER:** Admit.

9. The Property consists of a grocery store and a restaurant.

**ANSWER:** Admit.

10. DEFENDANT is obligated to comply with the ADA at the Property.

**ANSWER:** This paragraph does not contain any factual allegations and instead, contains legal conclusions to which no answer is required by Defendant.

### COUNT I – VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

11. MS. GONZALES realleges and reavers Paragraphs 1 – 10 as if they were expressly restated herein.

**ANSWER:** Torres reasserts and realleges its answers to Paragraph 1 through 10 herein.

12. The Property is a place of public accommodation, subject to the ADA, generally located at: 124 N. 19th Avenue, Melrose Park, Illinois, 60160.

**ANSWER:** Admit that the property is located at 124 N. 19th Avenue, Melrose Park, Illinois, 60160. The remaining allegations in this paragraph contain legal conclusions to which no answer is required.

13. Upon information and belief, MS. GONZALES visited the Property as recently as April 2018. She desires to visit the Property to buy specialty groceries.

**ANSWER:** Torres lacks sufficient information to admit or deny the allegations contained in this paragraph.

14. The discrimination alleged herein is ongoing.

**ANSWER:** Deny.

15. As various times, MS.GONZALES has personally observed or encountered the architectural barrier discussed in Paragraph 23(I)(A). MS. GONZALES has knowledge of the barriers discussed in Paragraph 23(I)(B)-(C).

**ANSWER:** Torres lacks sufficient information to admit or deny the allegations contained in this paragraph.

16. During her visits to the Property, MS. GONZALES has experienced a total barrier to entering the grocery store on the Property in order to access the goods and utilize the offered services, due to the architectural barrier discussed in Paragraph 23(I)(A).

**ANSWER:** Torres lacks sufficient information to admit or deny the allegations contained in this paragraph.

17. Because of the total barrier to access that MS. GONZALES has experienced in April 2018, she was forced to stay in her car and wait while her mother entered the Property and completed MS. GONZALES' grocery shopping for her.

**ANSWER:** Torres lacks sufficient information to admit or deny the allegations contained in this paragraph.

18. In addition to encountering architectural barriers discussed in Paragraph 23(I)(A), MS.GONZALES is aware that the barriers discussed in Paragraph 23(I)(B)-(C) presently exist at the Property due to a pre-sit due diligence investigation conducted prior to filing this lawsuit. Specifically, counsel for MS.GONZALES retained an expert to conduct an investigation of the Property on April 14, 2018 to assess whether the Property is accessible to persons who use wheelchairs, such as MS. GONZALES. MS. GONZALES accompanied the expert on this

investigation.

**ANSWER:** Torres lacks sufficient information to admit or deny the allegations contained in this paragraph.

19. MS. GONZALES continues to desire to visit the Property and patronize the grocery store and the restaurant, but fears that she will continue to experience serious difficulty due to the barriers discussed in Paragraph 23. MS. GONZALES desires to independently shop at the grocery store.

**ANSWER:** Torres lacks sufficient information to admit or deny the allegations contained in this paragraph.

20. The barriers discussed below in Paragraph 23 are excluding, or will exclude, MS. GONZALES from the programs, activities, and services offered at the Property.

**ANSWER:** Deny.

21. MS. GONZALES plans to and will visit the Property in the future as a patron and also as an ADA tester to determine if the barriers to access alleged herein have been modified.

**ANSWER:** Torres lacks sufficient information to admit or deny the allegations contained in this paragraph.

22. MS. GONZALES presently fears that she will encounter the mobility-related barriers which exist at the Property when she returns to the Property in the near future.

**ANSWER:** Torres lacks sufficient information to admit or deny the allegations contained in this paragraph.

23. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and the Property is not accessible due to, but not limited to, the following barriers which presently exist at the Property:

I. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS AT THE PROPERTY ARE THE RESPONSIBILITY OF THE DEFENDANT:

A. There are metal posts surrounding the grocery store's entrance installed in such close proximity that a wheelchair user cannot fit between the posts to gain entry to the grocery store;

B. The grocery store's service and sales counter is excessively high, with neither a lowered portion nor an axillary counter that is accessible to wheelchair users;

C. The grocery store lacks any checkout aisle featuring a lowered surface or adjustable credit card machine that is accessible for wheelchair users; and

D. Other mobility-related architectural barriers and ADA violations to be identified following a complete inspection of the Property.

**ANSWER:** Deny, including all subparts.

24. MS. GONZALES continues to desire to visit the Property, but will continue to experience serious difficulty until the barriers discussed in Paragraph 23 are removed.

**ANSWER:** Torres lacks sufficient information to admit or deny the allegations contained in this paragraph.

25. MS. GONZALES intends to and will visit the Property to utilize its goods and services in the future, but fears that DEFENDANT will continue to discriminate against her by failing to modify or remove the barriers at the Property.

**ANSWER:** Torres lacks sufficient information to admit or deny the allegations contained in this paragraph as it relates to Gonzales' intent or fears. Torres denies all remaining allegations contained herein.

26. Upon information and belief, all barriers to access and ADA violations still exist

and have not been remedied or altered in such a way as to effectuate compliance with provisions of the ADA, even though removal is readily achievable.

**ANSWER:** Deny.

27. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

**ANSWER:** Deny.

28. Upon information and belief, removal of the barriers to access located on the Property would provide MS. GONZALES with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the property.

**ANSWER:** Torres lacks sufficient information to admit or deny the allegations contained in this paragraph.

29. Independent of her intent to return as a patron to the Property, MS. GONZALES additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

**ANSWER:** Torres lacks sufficient information to admit or deny the allegations contained in this paragraph.

30. MS. GONZALES has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to the pursuant to 42 U.S.C. § 12205.

**ANSWER:** Torres lacks sufficient information to admit or deny as to Gonzalez' actions. The remainder of this paragraph contains legal conclusions to which no response is required. In

the event an answer is required, Defendant denies the allegations contained in this paragraph.

WHEREFORE Defendant Super Mercado Torres, Inc. prays that this Honorable Court enter judgment in its favor and against Plaintiff, and for any other relief that this Court deems just and proper.

## AFFIRMATIVE DEFENSES

NOW COMES Super Mercado Torres, Inc. ("Torres" or "Defendant") and for its Affirmative Defense to Plaintiff Laura Gonzales' ("Gonzales" or "Plaintiff") Complaint, and states as follows:

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are moot.

### THIRD AFFIRMATIVE DEFENSE

3. Defendant's actions were justified by a legitimate non-discriminatory reason.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims may be barred in whole or in part by the statute of limitations, waiver, estoppel, or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred, in whole or in part, as Torres did not engage in any intentional misconduct.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's damages, if any, were caused by her own actions or failure to act or otherwise caused by individuals over whom Defendant had no control.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff has failed to mitigate her damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims are barred because Plaintiff does not have, did not have, and or was not regarded as having "a disability" under the Americans with Disabilities Act.

### NINTH AFFIRMATIVE DEFENSE

9. To the extent applicable, Plaintiff's claims fail, in whole or in part, because accommodating Plaintiff's alleged disability would impose undue financial, administrative, or other burdens on Defendant.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims are barred because, with respect to any particular architectural element of any grocery store that departs from accessibility guidelines, the store has provided equivalent facilitation in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facility.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims are barred because the claimed violations are "de minimis," and non-actionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims are barred because the modification Plaintiff seeks are not "alternations" within the meaning of the ADA and/or they do not trigger an "alternation" legal standard, including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Plaintiff's claims are barred because the alterations are sufficient in that they satisfy the "to the maximum extent feasible" standard.

**THIRTEENTH AFFIRMATIVE DEFENSE**

14. Plaintiff's claims are barred because to the extent that the store was designed and constructed prior to the effective date of the ADA.

**FOURTEENTH AFFIRMATIVE DEFENSE**

15. Defendant has made a good faith effort to comply with the ADA.

**FIFTEENTH AFFIRMATIVE DEFENSE**

16. Torres reserves the right to assert additional Affirmative Defenses as may be disclosed during the course of additional investigation and inquiry.

Respectfully Submitted,

SUPER MERCADO TORRES, INC.


By: /s/ Jennifer B. Tee_____
    One of his attorneys

Matthew J. Sheahin (ARDC# 6243872)
Jennifer B. Tee (ARDC# 6292487)
Lance C. Ziebell (ARDC# 6298037)
LAVELLE LAW, LTD.
141 W. Jackson Blvd., Suite 2800
Chicago, Illinois 60604
Tele: (312) 888-4111
Facsimile: (312) 658-1430
msheahin@lavellelaw.com
jtee@lavellelaw.com
lziebell@lavellelaw.com
S:\3501-3750\3735\Gonzales v. Supermercado Torres\Pleadings\Ans.ADs.06.15.2018.Full.doc